### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEITH GRIFFIN, K96727,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-1158-DWD** |
| | ) | |
| **JUDGE JOHN ROBERT BLAKEY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Keith Griffin, an inmate of the Illinois Department of Corrections (IDOC), brings this mandamus action concerning his incarceration at Illinois River Correctional Center (Illinois River).  (Doc. 1).  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Petition

Griffin's Petition was submitted on a fill-in-the blank form meant for use in Illinois state court, with reference to 735 ILCS 5/14-101 et. seq.. (Doc. 1).  In the Petition, Griffin complains that United States District Judge John Robert Blakey, a judge for the United

States District Court for the Northern District of Illinois, has refused to grant him relief under Federal Rule of Civil Procedure 60(b).  He further alleges that his confinement is unlawful, and he mentions he is serving eight years for a charge of being an armed habitual criminal.  (Doc. 1 at 1).  Though it is not clear from the handwritten factual allegations, it appears that perhaps Plaintiff wishes to challenge the outcome of habeas corpus proceedings he previously pursued in the Northern District of Illinois.  This seems to be the case because in the exhibits that he attached, Mr. Griffin attached a number of docket text entries from previous federal court litigation concerning habeas corpus activity in the Central and Northen Districts of Illinois.

A review of publicly available court records confirms that Plaintiff has previously pursued habeas actions in the Northern District of Illinois, *Griffin v. Hinthorne*, 22-cv-1861 (N.D. Ill.), and it also confirms that he currently has an active habeas corpus petition pending in the Northern District of Illinois, for which a response was just ordered on April 24, 2024, *Griffin v. Jones*, 24-cv-270 (N.D. Ill.).

## Analysis

Griffin has clearly and unequivocally filed this action as an application for writ of mandamus.  (Doc. 1 at 1).  The generic writ of mandamus has been abolished.  Fed. R. Civ. P. 81(b).  Two different federal statutes govern Writs of Mandamus.  *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651.  Federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof," and it allows a federal court to direct an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner.  28 U.S.C. § 1361.  Section 1651 is not an

independent basis for jurisdiction, it only authorizes a court to grant mandamus relief to the extent necessary to effectuate things in an action within its jurisdiction. *See* 28 U.S.C. § 1361. *United States v. Spadafora*, 207 F.2d 291 (7th Cir. 1957). Generally, § 1651 allows a federal court to confine an inferior court to exercise its jurisdiction if it is duty to do so. *See e.g.*, *U.S. v. Choi*, 818 F.Supp.2d 79, 84 (U.S.D.C. D.C. 2011) (for example a federal court of appeals cannot issue a writ of mandamus to another federal court of appeals or to a federal district court in another circuit). Mandamus authority does not allow a district court to issue a writ of mandamus against an equal or higher court. *See e.g.*, *Barnes v. Warden*, 2018 WL 6305596 at * 2 (S.D. Ill. Dec. 3, 2018) (finding that a district court judge could not issue a writ of mandamus directing another district court judge or the federal court of appeals to alter prior rulings in habeas matters).

The Court does not see a basis under either provision to grant whatever relief it is that Griffin may seek, particularly because he seems to complain of an inability to pursue a habeas action in the Northern District of Illinois, but this contention is plainly contradicted by the publicly available records which show he has an active habeas matter pending before Judge Blakey (the respondent). Given that Plaintiff has an active habeas matter in the Northern District of Illinois, there is hardly anything for this Court to compel via a writ. Even if there was some action that needed to be taken in the Northern District of Illinois, this Court does not have the authority to direct a federal court of equal stature to act. Such a directive would need to come from a higher-level federal court.

To the extent Griffin is arguing that this Court has some authority under Federal Rule of Civil Procedure 60(b) to overturn a ruling in a prior habeas matter, and to thus

unsettle his criminal conviction, he is simply wrong.  The Federal Rules of Civil Procedure do not bestow this Court with authority to overturn a criminal conviction.  Because there is no relief that could be afforded to Griffin on the pleadings or the facts he alleges, this matter will be dismissed for lack of jurisdiction.

The Court notes that because Plaintiff is currently detained at Illinois River, which is located in the Central District of Illinois, it could have transferred this matter to that District.  A transfer to the Northern District of Illinois may also be arguably appropriate since the petition deals with proceedings in that District, but ultimately either option would be a waste of judicial resources because this action lacks merit as presented, and the deficiencies cannot be cured by an amended pleading.

<u>Disposition</u>

Griffin's writ of mandamus (Doc. 1) is **DISMISSED** for lack of federal subject matter jurisdiction.  Griffin's Motion to Proceed In Forma Pauperis (Doc. 5) is **DENIED** without prejudice, and the Clerk of Court need not undertake further efforts to collect a fee.  The Clerk of Court is **DIRECTED** to **CLOSE** this case and to enter judgment accordingly.  This dismissal is not intended as a "strike" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated: May 2, 2024                    /s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge